UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONITA DARCEL GRIER,

        Plaintiff,                          Civil Action No. 11-cv-14247

      v.                                   District Judge Victoria A. Roberts
                                        Magistrate Judge Laurie J. Michelson

SIMMONS AND CLARK JEWELERS,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

      Plaintiff Bonita Grier filed this suit against Defendant Simmons & Clark Jewelers ("Simmons & Clark") asserting that Defendant violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") by wrongly reporting, and continuing to report, a satisfied debt to a consumer reporting agency (or by failing to request that the agency remove a satisfied debt from her credit report). This case has been referred to the undersigned for all pretrial matters. (Dkt. 8.) Plaintiff is proceeding *in forma pauperis*, and, therefore, this Court has reviewed Plaintiff's Complaint to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, this Court finds that it does not and RECOMMENDS that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

     **A. Plaintiff's Prior Suit**

      In September 2011, Plaintiff filed a now-dismissed suit asserting that Simmons & Clark violated the FCRA and the FDCPA. *Grier v. Simmons & Clark Jewelers*, No. 11-13946 (E.D.

Mich.).  As summarized by District Judge Victoria A. Roberts in an Order dismissing that case:

> Plaintiff alleges that Simmons & Clark Jewelers "has continued to place outdated and inaccurate information for 14 years." Presumably Plaintiff believes that Simmons & Clark is furnishing inaccurate information to consumer credit reporting agencies.  Plaintiff states that this information is listed as "Potentially Negative Items" on her credit report, and that it should be deleted.
>
> Plaintiff states that she called Simmons & Clark on August 20, 2011, and asked why the information was on her credit report. According to Plaintiff, an unknown employee stated that there had been a judgment and that "we have a right to report it to the credit bureau every month." Plaintiff says that the debt was satisfied in 1997, but that the employee falsely stated that it was paid in 2000.  Plaintiff says she has been damaged because the negative information on her credit report has affected her search for a job.

*Grier v. Simmons & Clark Jewelers* ("*Grier I*"), No. 11-13946, slip op. at 2 (E.D. Mich. Sept. 22, 2011).

Judge Roberts found that Plaintiff failed to state a claim under the FCRA because Plaintiff had based her claim on § 605 of that Act which only applies to consumer reporting agencies , and, based on Plaintiff's complaint, Simmons & Clark clearly was not such an agency.  *See id.* at 3-4.  Judge Roberts further found that even if Plaintiff had brought her suit pursuant to 15 U.S.C. § 1681s-2(b), which allows for private suits against a debt information furnisher like Simmons & Clark, her Complaint would still fail to state a claim.  In particular, Judge Roberts held:

> relief under this provision is available only if the consumer notifies a CRA [consumer reporting agency] of a dispute, the CRA informs the furnisher of the dispute, and the furnisher then fails to conduct an appropriate investigation. Plaintiff does not allege any facts that state a plausible ground for relief.  She merely states that she called Simmons & Clark to ask why the negative information was on her credit report.

*Id.* at 5.

2

Regarding her FDCPA claims, Judge Roberts concluded that the Act "regulates the conduct of debt collectors, not creditors" and that Plaintiff's complaint did not support that Simmons & Clark is a "debt collector" within the meaning of the FDCPA. *Id.* at 5-6. Accordingly, Simmons & Clark was not a permissible defendant and Plaintiff had also failed to state a claim under the FDCPA. *Id.* at 6.

**B. The Present Suit**

On September 27, 2011 – five days after Judge Roberts dismissed *Grier I* – Plaintiff filed this case against Simmons & Clark. Plaintiff asserts that Simmons & Clark has violated § 605 of the FCRA and §§ 809(b) and 807(8) of the FDCPA. The Complaint contains some additional factual allegations to apparently try to cure the deficiencies in the *Grier I* complaint. Plaintiff now alleges that she disputed the Simmons & Clark debt to Experian, a credit reporting agency. (Dkt. 1, Compl. at ECF Pg ID 1.) Plaintiff attaches an Experian dispute report to her Complaint indicating a Simmons & Clark Jewelers' "credit item" with a status of "Paid, Closed. $108 written off," a status date of August 2010, and a remark that "[t]his item was updated from our processing of your dispute in Aug 2011." (Compl. at ECF Pg ID 4-5.)

Regarding her FCRA claim, Plaintiff avers that Simmons & Clark has attempted to "re-age" a credit item by first reporting it in August 2010 (or telling Experian that it was first reported in 2010). (*See* Compl. at ECF Pg ID 2.) Plaintiff claims that she paid the alleged debt on November 24, 1997, and that this item should no longer appear on her credit report as it is more than seven years old. (*Id.*)

Regarding her FDCPA claim (and perhaps also relevant to her FCRA claim), Plaintiff asserts that "I am filing a claim against Simmons & Clark as a creditor because Simmons & Clark extended

3

it's own line of credit and assumed collector by hiring Michael R. Stillman P.C. (P42765) to file a civil suit against me in court to collect [the] debt." (*Id.*) Plaintiff relies on the definition of a creditor in the Equal Credit Opportunity Act. (*Id.*) Plaintiff asserts that Simmons & Clark has violated the FDCPA by failing to validate the debt yet continuing to report the debt to Experian. (*Id.*) Plaintiff says that Simmons & Clark's negligence is ruining her credit and is adversely affecting her ability to obtain a job in the financial industry. (*Id.*)

## II. ANALYSIS

### A. Legal Standards

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915(e)(2) "is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 109, 205 (2007). The Sixth Circuit has recently held that Fed. R. Civ. P. 12(b)(6) standards govern dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Hill v. Lapin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Under Rule 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted." When deciding a motion under Rule 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard does not require a plaintiff to plead facts showing that liability is probable, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, a plaintiff has failed to "nudge[]" his claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 557.  In applying the Rule 12(b)(6) standards to a Complaint drafted by a *pro se* plaintiff, the Court must be mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.  Plaintiff Has Not Pled a Fair Credit Reporting Act Violation

As in *Grier I*, Plaintiff again alleges that Simmons & Clark violated § 605 of the FCRA (15 U.S.C. § 1681c). (Compl. at ECF Pg ID 2.)  However, as Judge Roberts explained in dismissing that case, by its terms 15 U.S.C. § 1681c "applies only to [consumer reporting agencies], not furnishers." *Grier I*, slip op. at 4.  As compared to her prior complaint, Plaintiff now alleges that Simmons & Clark is a creditor under the Equal Credit Opportunity Act. (Compl. at ECF Pg ID 2.)  But, even assuming that the Equal Credit Opportunity Act's definition of creditor is applicable to the FCRA, the fact that Simmons & Clark is a creditor does not mean it is a consumer reporting agency. Plaintiff has not adequately pled facts showing that § 605 of the FCRA applies to Simmons & Clark.

And to the extent that Plaintiff seeks to proceed under 15 U.S.C. § 1681s-2(b), which, as Judge Roberts explained, is applicable to furnishers of debt information, Plaintiff's Complaint

nonetheless fails to state a claim against Simmons & Clark. "Under section 1681s-2(b), when a furnisher of information receives notice of dispute, it must (1) conduct an investigation, (2) review any information provided by the consumer reporting agency, (3) report the results of the investigation to the consumer reporting agency, (4) report any inaccuracies to all consumer reporting agencies which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides." *Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08-CV-11851, 2010 WL 3023808, at *5 (E.D. Mich. July 29, 2010). But, "[t]hese additional obligations are not triggered until a furnisher of information has received notification pursuant to 15 U.S.C. § 1681i(a)(2)." *Id.* And that section provides that it is "*a consumer reporting agency* [that] must provide a furnisher of credit information with prompt notice when a consumer disputes information." *Id.* (citing 15 U.S.C. § 1681i(a)(2); *Misialowski v. DTE Energy Co.*, No. 07-14452, 2008 WL 2998948, at *3 (E.D. Mich. Aug. 1, 2008) (Roberts, J.)); *see also Zager v. Deaton*, No. 1-03-1153, 2005 WL 2008432, at *3 (W.D. Tenn. Aug. 16, 2005) ("[T]he fact that Defendant had actual notice of the dispute is irrelevant. A furnisher of incorrect credit information must have received notice from the credit reporting agency in order for subsection (b) duties to be triggered.").

In this case, Plaintiff has not alleged that Experian has provided Simmons & Clark with the requisite notice. As Chief District Judge Gerald E. Rosen explained on similar facts:

> In this case, Plaintiff has not alleged that the consumer reporting agencies notified Defendants [furinshers] of the disputed information. The amended complaint indicates only that Plaintiff contacted Defendants or their agents and, separately, contacted the consumer reporting agencies. No evidence has been submitted to the Court in support of Plaintiff's theory of the case. Therefore, the Court finds that Plaintiff has not alleged facts that indicate whether Defendants' duties to reinvestigate the disputed information were ever triggered under the FCRA.

*Farris*, 2010 WL 3023808, at *5 (granting defendants' post-discovery motion to dismiss or, in the alternative, for summary judgment). For these same reasons, this Court finds that Plaintiff's Complaint fails to state a FCRA claim against Simmons & Clark.

### C. Plaintiff Has Not Pled a Fair Debt Collection Practices Act Violation

Plaintiff also alleges that Defendant violated §§ 807(8) and 809(b) of the FDCPA. *See* 15 U.S.C. §§ 1692e(8), 1692g(b). Both of these provisions govern conduct of a "debt collector." *See id.*[1] In dismissing Plaintiff's complaint in *Grier I*, Judge Roberts concluded "Plaintiff does not

---

[1]Section 807(8) of the FDCPA provides,
> A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . [c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8) (emphasis added).
And section 809(b) of the FDCPA provides,
> If the consumer notifies the *debt collector* in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the *debt collector* shall cease collection of the debt, or any disputed portion thereof, until the *debt collector* obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the *debt collector*. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the *debt collector* in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b) (emphases added).

allege and the facts do not support that Simmons & Clark is a 'debt collector.' Because Simmons & Clark is not a permissible defendant, Plaintiff fails to state a claim under the FDCPA." *Grier I*, slip op. at 6. This Court reaches the same conclusion regarding Plaintiff's Complaint in this case.

Plaintiff asserts that Simmons & Clark is a creditor which "extended it's [sic] own line of credit." (Compl. at ECF Pg ID 2.) But, as explained by another Court in this District, a creditor attempting to collect its own debts is generally not a "debt collector" under the FDCPA:

> As a general matter, creditors who are collecting debts owed to them do not fall within the purview of the FDCPA. Specifically, the definition of "debt collector" provided by the FDCPA begins as follows:
>
>> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
>
> 15 U.S.C. § 1692a(6) (emphasis added); *see also* 15 U.S.C. § 1692a(6)(F). In enacting a definition that, as a general matter, excludes creditors, Congress reasoned that creditors may have good reason to avoid excessively dunning its debtors:
>
>> Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them.
>
> S.Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.A.N.N. 1695, 1696; *accord Mazzei v. Money Store*, 349 F. Supp. 2d 651, 658 (S.D.N.Y. 2004).
>
> Congress also recognized, however, that where a creditor uses a "false name" to collect its own debts it may abandon restraint – the creditor can hide behind a pseudonym and harass its delinquent

8

> customers without suffering the reputation-related consequences. *See Sokolski v. Trans Union Corp.*, 53 F. Supp. 2d 307, 312 (E.D.N.Y. 1999). Accordingly, the FDCPA's definition of a "debt collector" continues as follows: "Notwithstanding the exclusion provided by [15 U.S.C. § 1692a(6)(F)] the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

*South v. Midwestern Audit Servs, Inc.*, No. 09-14740, 2010 WL 5089862, at *13-14 (E.D. Mich. Dec. 8, 2010).

To the extent that Plaintiff is relying on the just-quoted "false-name" language of 15 U.S.C. § 1692a(6), the Complaint still fails to adequately plead that Simmons & Clark is a "debt collector." Plaintiff has alleged that Simmons & Clark hired "Michel R. Stillman P.C. . . . to file a civil suit against me in court to collect [a] debt" and therefore Simmons & Clark is an "assumed collector." (Compl. at ECF Pg ID 2.) But a creditor does not become a "debt collector" under 15 U.S.C. § 1692a(6) simply because it hires a debt collector to collect its debts. *See Kloth v. Citibank (South Dakota), N.A.*, 33 F. Supp. 2d 115 (D. Conn. 1998) ("Citibank is not a 'debt collector' under the FDCPA merely because it retains a collection agency to collect its debts. Nowhere in the Amended Complaint is it alleged that Citibank used 'any name other than its own which would indicate that a third person is collecting or attempting to collect such debts.' 15 U.S.C. § 1692a(6). 'Clearly, a creditor which retains a non-affiliated debt collector would not be subject to the FDPCA. [*Harrison v. NBD, Inc.*, 968 F. Supp. 837, 843 (E.D.N.Y. 1997)]'"). And Plaintiff has not pled that in collecting on the debt owed to Simmons & Clark, Simmons & Clark proceeded under the name "Michel R. Stillman P.C." or otherwise used a pseudonym or alias. Nor has Plaintiff pled that Michel R. Stillman P.C. was actually uninvolved in collecting the debt (and Simmons & Clark thereby merely used the name "Michel R. Stillman P.C."). *See Mazzei v. Money Store*, 349 F. Supp.

2d 659-60 (S.D.N.Y. 2004) ("A creditor may be deemed a debt collector under the false name exception if, 'in the process of collecting his own debts, [the creditor] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts,' 15 U.S.C. § 1692a(6), if it 'pretends to be someone else' or uses 'a pseudonym or alias,' . . . or if it owns and controls the debt collector, rendering it the creditor's alter ego."); *Nelson v. American Power and Light*, No. 2:08-cv-549, 2010 WL 3219498, at *5 (S.D. Ohio Aug. 12, 2010) ("[S]o long as [Defendant] was using its own name on any collection efforts (to the extent that sending out bills with past due amounts shown represented collection efforts), it was not acting as a debt collector and its activities did not fall within the scope of those which Congress has sought to regulate. It is only when a creditor steps outside that role by using 'a name other than his own' that 'the motivation to protect the good will in his own name is absent and the likelihood for abusive debt collections practices returns.'"); *Button v. GTE Service Corp.*, No. 1:96-CV-383, 1996 WL 943904, at *2 (W.D. Mich. Oct. 15, 1996) ("[I]t is not the mere use of an other name that would subject [defendant] to the asserted statutory requirements [15 U.S.C. § 1692a(6)], but the use of an other name in such a way as to mislead plaintiff concerning the identity of the party attempting to collect the debt."). In fact, the Complaint suggests that Plaintiff understood that it was Simmons & Clark collecting on a debt owed to it and also understood that Michael R. Stillman P.C. was representing Simmons & Clark in the state-court suit concerning the debt. (*See* Compl. at ECF Pg ID 2, 6 (*Simmons & Clark v. Grier*, No. 97117657, (36th Dist. Ct. Mich.) (March 24, 2000 Satisfaction of Judgment signed by Michael R. Stillman)).) Accordingly, Plaintiff has not pled that Simmons & Clark is a "debt collector" under 15 U.S.C. § 1692a(6).

**III. RECOMMENDATION AND CONCLUSION**

For the foregoing reasons, this Court RECOMMENDS that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: February 17, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 17, 2012.

s/Jane Johnson
Deputy Clerk